1  Mathew K. Higbee, Esq.
   IL Bar No. 6319929
2  **HIGBEE & ASSOCIATES**
   3110 W Cheyenne Ave Suite 200,
3  Las Vegas, NV 89032
4  (714) 617-8350
   (714) 597-6729 facsimile
5  mhigbee@higbee.law

6  Attorney for Plaintiff,
7  DONNA TROPE

8              **IN THE UNITED STATES DISTRICT COURT**
             **FOR THE NORTHERN DISTRICT OF ILLINOIS**
9

10

11 DONNA TROPE                          Case No. **1:24-cv-8761**

12                    Plaintiff,        **COMPLAINT**

13 v.                                   **DEMAND FOR JURY TRIAL**

14 ACCELERATED AESTHETICS LLC.; and
15 DOES 1 through 10 inclusive,

16                    Defendants.

17

18       Plaintiff Donna Trope, by and through her undersigned counsel, brings this
19
   Complaint against Defendant Accelerated Aesthetics LLC. and DOES 1 through 10,
20
   inclusive, and alleges as follows:
21
                        **NATURE OF THE ACTION**
22
         This is a civil action seeking damages and injunctive relief for copyright
23
   infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*
24
                               **PARTIES**
25
         1.     Plaintiff, Donna Trope ("Plaintiff" or "Trope"), is an individual and
26
   professional photographer by trade.
27

28

                                        1

1
2
3

2.     Defendant, Accelerated Aesthetics LLC ("AA" or "Defendant") is a limited liability company duly organized and existing under the laws of the State of Illinois and doing business in the State of Illinois.

4
5
6
7
8
9
10
11
12

3.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

13

## JURISDICTION AND VENUE

14
15
16

4.      This Court has original subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

17
18
19
20

5.     This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

21
22
23
24
25
26

6.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

27
28

/ / /

# FACTUAL ALLEGATIONS

### Plaintiff Donna Trope

7.     Donna Trope is a highly successful, award winning, beauty and fashion photographer.

8.     Trope's work has been featured in several top publication including *Vogue, National Geographic, French FOTO, Italian FOTO* and *New York Times Magazine*.

9.     Trope's commercial client list includes Revlon, Aveda, Sephora, Maybelline, and Skims.

10.    Trope is the sole author and rights holder to a beauty photograph of Megan Fox and Kourtney Kardashian sharing a plate of cherries ("Cherry Photograph").

11.    Attached hereto as Exhibit A is a true and correct copy of the Cherry Photograph.

12.    Trope registered the Cherry Photograph with the United States Copyright Office under Registration Number VA 2-286-636 with an effective registration date of December 3, 2021.

13.    Attached hereto as Exhibit B is a true and correct copy of registration certificate VA 2-286-636

### Defendant Accelerated Aesthetics LLC

14.    According to Defendant's website https://acceleratedaesthetics.shop/ ("Defendant's Website"), Defendant Accelerated Aesthetics is a medical spa offering laser hair removal, injectables such as botox and fillers, facials, and esthetic services and products in Elmhurst, Illinois.

15.    AA manages, operates, and controls the Instagram account @accelerated_aesthetics ("Defendant's Instagram").

16.    On information and belief, Defendant's Instagram generates content in order to promote Defendant(s)' products and services, attract social media followers

3

and user traffic to the Defendant's main webpage, and generate profit and revenue for the company and its owner(s).

17.  At all relevant times, Defendant's Instagram was readily accessible to the general public throughout Illinois, the United States, and the world.

***Defendant's Infringing Conduct***

18.  On or about October 20, 2023, Trope discovered her Cherry Photograph copied and published on Defendant's Instagram with the caption "Skin rejuvenation can require a combination of treatments. Schedule your complimentary consultation today and let's create your customized treatment plan. Accelerated Aesthetics Med Spa @accellerated_aesethetics, www.acceleratedaesthetics.com, info@accelleratedaesthetics.com, Call-603-439-7450 to book. Monday – Friday 10:00 AM – 7:00PM, Saturay: 10:00 AM – 5:00PM 112 S. York Street Elmhurst, IL " ("Infringing Post")

19.  As part of the Infringing Post, Defendant edited Plaintiff's Cherry Photograph to include examples of the services they provide, incorporating a list of service including "Filler, Tox, Microneedling, Hydrofacials, Medical grade Skincare, PRP", directly onto the Cherry Photograph itself.

20.  Attached hereto as Exhibit C is a true and correct screenshot of the Infringing Post as published by Defendant to Defendant's Instagram.

21.  Trope has never at any point granted AA a license or other permission to copy, display, distribute, or otherwise use the Cherry Photograph on Defendant's Instagram.

22.  Soon after discovering the Defendant's infringement of her Cherry Photograph, Trope, through counsel, reached out to Defenant to have the Cherry Photograph removed and to attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

23.  Trope is informed and believes Defendant (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copies of the Beauty Photograph and caused them  to be uploaded

4

to and displayed on Defendant's Instagram.

24.     Trope is informed and believes that the purpose of the use of the Beauty Photograph on Defendant's Instagram was to promote and encourage sales of Defendant's services by providing a high-quality, professionally-produced photographs to encourage customers to purchase their products and services.

25.     AA, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Cherry Photograph to Defendant's Instagram without Trope's consent or authorization.

26.     Trope is informed and believes Defendant (including their employees, agents, contractors or others over whom they have responsibility and control) used, displayed, published, posted, and otherwise held out to the public Trope's original and unique Photographs in order to acquire a direct financial benefit, through revenue from the sales of Defendant's services, from the use of the Beauty Photograph.

27.     AA (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Cherry Photograph to Defendant's Instagram without Trope's consent.

28.     On information and belief, Defendant's use of the Cherry Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Cherry Photograph on Defendant's Instagram or in any other way.

**CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101** *et seq*

29.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

30.     Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Cherry Photograph.

31.     Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Cherry Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted,

5

publicized, and otherwise held out to the public for commercial benefit, the original and unique Cherry Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Post.

32.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

33.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

34.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

35.     Defendant(s)—including its employees, agents, contractors or others over whom it has responsibility and control—copied and uploaded the Cherry Photograph to Defendant's Instagram without Plaintiff's consent or authorization.

36.     Accelerated Aesthetics LLC (including its employees, agents, contractors or others over whom it has responsibility and control) willfully uploaded the Cherry Photograph onto Defendant's Instagram because AA knew it did not have permission to use the Cherry Photograph.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Cherry Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

6

1
2

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

3
4

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

5

- For pre judgment interest as permitted by law; and

6

- For any other relief the Court deems just and proper.

7

Dated: September 23, 2024                                    Respectfully submitted,

8
9                                                            **/s/ Mathew K. Higbee**
                                                             Mathew K. Higbee, Esq.
                                                             Bar No. 6319929
10                                                           **HIGBEE & ASSOCIATES**
                                                             3110 W Cheyenne Ave Suite 200,
11                                                           Las Vegas, NV 89032
                                                             (714) 617-8373
12                                                           (714) 597-6559 facsimile
                                                             *Counsel for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Donna Trope hereby demands a trial by jury in the above matter.


Dated: September 23, 2024                Respectfully submitted,


**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Suite 200,
Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*